UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CELESTE J. MATTINA, Regional Director, Region 2,
National Labor Relations Board, for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

**DECLARATION OF
MICHAEL J. SCIOTTI,
ESQ.**

Petitioner,

vs.

KINGSBRIDGE HEIGHTS REHABILITATION
AND CARE CENTER,

**Civil Action No:
08-CV-6550 (DLC)
ECF CASE**

Respondent.

I, Michael J. Sciotti, Esq., hereby declare, under penalty of perjury, pursuant to 28 U.S.C. §1746:

1.      I am a partner with the law firm of Hancock & Estabrook, LLP, counsel for the Respondent Kingsbridge Heights Rehabilitation and Care Center ("Kingsbridge"), relative to the above-captioned matter.

2.      This Declaration is being submitted in support of Kingsbridge's request to take limited discovery prior to the return date on the National Labor Relations Board's ("NLRB") request for a 10(j) injunction.

3.      Kingsbridge proposes to serve a limited document request upon the NLRB in the form attached hereto as Exhibit A.

4.      Kingsbridge also proposes to take a 30(b)(6) deposition of a representative of 1199 SEIU, United Healthcare Workers East ("Union"), and to serve a limited request for documents upon the Union.  Exhibits B-C.

5.      Finally, Kingsbridge also proposes to take a 30(b)(6) deposition of a representative of 1199 SEIU Greater New York Benefit Fund ("Benefit Fund"), and to serve a

{H0974470.1}

limited request for documents upon the Union.  Exhibits D-E.  The term Benefit Fund also includes the following funds: (a) 1199 SEIU Greater New York Pension Fund, (b) 1199 SEIU Greater New York Education Fund, (c) 1199 SEIU Greater New York Child Care Fund; (d) 1199 Greater New York Job Security Fund; and (e) 1199 SEIU Greater New York Worker Participation Fund.

6.      Accordingly, Kingsbridge respectfully requests a two (2) week adjournment of the pending motion return date to conduct the limited discovery as set forth above, along with the entry of an Order setting for the timing of the expedited discovery.

7.      There will be no prejudice to the NLRB, Union, or the Benefit Fund because: (a) the Union triggered any harm to the employees by cutting off benefits, and (b) the NLRB delayed the commencement of this 10(j) request for nine months after the benefits were cut off and five months after the strike began.  Further, Petitioner is unlikely to prevail on the injunctive relief directed to reinstatement of strikers.

EXECUTED ON THE 6TH DAY OF AUGUST, 2008.

Michael J. Sciotti, Esq.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CELESTE J. MATTINA, Regional Director, Region 2,
National Labor Relations Board, for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

**RESPONDENT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

                                        Petitioner,

vs.

KINGSBRIDGE HEIGHTS REHABILITATION
AND CARE CENTER,

**Civil Action No:
08-CV-6550 (DLC)
ECF CASE**

                                        Respondent.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Respondent Kingsbridge

Heights Rehabilitation and Care Center, by and through its attorneys, Hancock & Estabrook, LLP,

requests that Petitioner produce copies of the following documents, within thirty (30) days after service

of this discovery request, or within such other time limitation ordered by the Court.

## INSTRUCTIONS AND DEFINITIONS

1.      The provisions of Southern District of New York Local Rules 26.2, 26.3, 33.1 and 33.33

relating to claims of privilege and uniform definitions apply hereto and are incorporated by reference.

2.      The term "Board" refers to the Petitioner in the case, including the National Labor

Relations Board and Region 2.

3.      Plaintiff is to serve a separate response to each of these Requests.

4.      In answering, you are requested to set forth the question in full, followed by your

response.  You are further asked to furnish all requested information not subject to a valid objection,

that is known by, possessed by, or available to you.

3.      If you are unable to answer fully any of these requests, please answer them to the

fullest extent possible, specifying each reason for the inability to respond to the remainder of the

{H0972880.1}

interrogatory, and stating the extent of unanswerable portion. An evasive or incomplete answer is deemed both to be a failure to answer and may subject you to liability under Rule 37 of the Federal Rules of Civil Procedure for expenses of a motion brought pursuant to that Rule.

4.        Responses to these requests are to be supplemented on a continuing basis. Should it be discovered that the responses are no longer true, such a failure to supplement is in substance a knowing concealment.

## DOCUMENT REQUESTS

1.        Produce all investigatory affidavits of witnesses in the Board's possession relating to Case Nos. 2-CA-38418, 2-CA-38628, 2-CA-38688, 2-CA-38708, 29-CA-27562, and 2-CA-37367.

2.        Produce all exhibits and documentary evidence in the Board's possession relating to Case Nos. 2-CA-38418, 2-CA-38628, 2-CA-38688, 2-CA-38708, 29-CA-27562, and 2-CA-37367.

DATED:  August 6, 2008

HANCOCK & ESTABROOK, LLP
Michael J. Sciotti, Esq.
John T. McCann, Esq.
Lindsey H. Hazelton, Esq.
*Attorneys for Respondent*
Office & P.O. Address:
AXA Tower I, 100 Madison Street
Syracuse, New York 13202
Telephone: (315) 471-3151
Facsimile: (315) 471-3167

Michael J. Sciotti
Bar Roll No.: MS0007

**TO:**    Jamie Rucker, Esq.
NATIONAL LABOR RELATIONS BOARD
*Attorneys for Petitioner*
Office and P.O. Address
26 Federal Plaza – Room 3614
New York, New York    10278
Telephone:     (212) 264-0300
Telecopier:     (212) 264-2450

{H0972880.1}

# EXHIBIT B

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### Southern District of New York

CELESTE J. MATTINA, Regional Director, Region 2, National
Labor Relations Board, for and on behalf of NATIONAL LABOR
RELATIONS BOARD,                                              Petitioner

**SUBPOENA IN A CIVIL CASE**

V.

KINGSBRIDGE HEIGHTS REHABILITATION AND CARE CENTER,
                                                    Respondent.

Case Number:[1]  08-CV-6550 (DLC) ECF Case

TO:   1199 SEIU
      United Healthcare Workers East
      310 West 43rd Street
      New York, New York 10036

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

See Appendix B

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael J. Sciotti, Esq. Bar Roll No.: MS0007, Attorney for Respondent Kingsbridge | 8/5/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael J. Sciotti, John T. McCann, and Lindsey H. Hazelton, Hancock & Estabrook, LLP
1500 AXA Tower I, 100 Madison Street, Syracuse, NY 13221    Tel: (315) 471-3151

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

|  |  |
|---|---|
| DATE | SIGNATURE OF SERVER |
| | ADDRESS OF SERVER |

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **Appendix A**

The term "document" and "object" shall include all such documents defined or comprehended by Local Rule 26.3(d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and Rule 34(a) of the Federal Rules of Civil Procedure.

## APPENDIX B

As used below the term "Union" refers to 1199 SEIU, United Healthcare Workers East, and the term "Kingsbridge" refers to Kingsbridge Heights Rehabilitation and Care Center.

1.    All documents and objects setting forth or relating to the reasons of the Union, or any Kingsbridge bargaining unit employee, for taking a strike vote in or about October 2007.

2.    All documents and objects setting forth or relating to the reasons of the union, or any Kingsbridge bargaining unit employee, for commencing a strike on or about  February 20, 2008.

3.    All documents or objects for the time frame January 1, 2006 through August 31, 2008 for any health care facilities' where the Union has a bargaining unit, which shows or indicates delinquent contributions of any type to any union benefit fund.

4.    All documents or objects setting forth or relating to any decision or effort directed toward any health care facility where the Union has a bargaining unit to collect delinquencies and/or benefit fund payments by means of interrupting or terminating employee benefits under the funds.

5.    Any documents and objects setting forth or relating to the misconduct of individuals engaged in picketing at or near the premises of Kingsbridge or congregating on said premises. For this purpose strike misconduct shall include, but not limited to, to mass picketing, interfering with ingress or egress, damage to personal property, physical contact with facility residents family members or staff, interference with vendor deliveries, use of anti-Semitic slurs, profanities or other vulgar language or threats related to any of the above.

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board, for and
on behalf of the NATIONAL LABOR
RELATIONS BOARD,

                                    Petitioner,

          vs.

KINGSBRIDGE HEIGHTS REHABILITATION
AND CARE CENTER,

                                    Respondent.

.

---

**NOTICE OF DEPOSITION AND
SUBPOENA AD TESTIFICANDUM**

**Civil Action No. 08-CV-6550 (DLC)**

**ECF CASE**

**PLEASE TAKE NOTICE** that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules

of Civil Procedure, Respondent will take the deposition upon oral examination of

_____ at 10:00 a.m., on _____, 2008, at the offices of _____,

_____, New York, New York, _____ or at such other time and place as may be mutually agreed

to by counsel for the parties.  The examination will take place before a notary public or other

person authorized by law to administer oaths and will be recorded by stenographic or sound-and-

video means.  Testimony shall continue from day to day until completed.  You are invited to

attend and cross-examine.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, 1199 SEIU,

United Healthcare Workers East is advised of its duty to designate one or more of its officers,

directors or other persons to testify on its behalf with respect to the matters known or reasonably

available to the deponent and referred  to in the attached Exhibit A.

{H0974326.1}

Dated:  August 5, 2008                    Respectfully submitted,


_____

Michael J. Sciotti
Bar Roll No.: MS0007
HANCOCK & ESTABROOK, LLP
Attorneys for Respondent
Kingsbridge Heights Rehabilitation and Care
Center
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone (315) 471-3151

## EXHIBIT A

### Definitions

1.      "Union" means 1199 SEIU United Healthcare Workers East and any and all predecessors, successors, divisions, subsidiaries, or joint ventures of thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

2.      "Kingsbridge" means the respondent, Kingsbridge Heights Rehabilitation and Care Center, and any and all predecessors, successors, divisions, subsidiaries, or joint ventures of thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3.      "Concerning" means "referring to," "describing," evidencing," or "constituting."

4.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive, and "any" shall mean each and every.

5.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa, and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

**Topics**

1.      The reasons of the Union, or any Kingsbridge bargaining unit employee, for taking a strike vote in or about October 2007.

2.      The reasons of the union, or any Kingsbridge bargaining unit employee, for commencing a strike on or about  February 20, 2008.

3.      For the time frame January 1, 2006 through August 31, 2008 for any health care facilities' where the Union has a bargaining unit, delinquent contributions of any type to any union benefit fund owed by the health care facility.

4.      To any decision or effort directed toward any health care facility where the Union has a bargaining unit to collect delinquencies and/or benefit fund payments by means of interrupting or terminating employee benefits under the funds.

5.      Any strike misconduct of individuals engaged in picketing at or near the premises of Kingsbridge or congregating on said premises. For this purpose strike misconduct shall include, but not limited to, to mass picketing, interfering with ingress or egress, damage to personal property, physical contact with facility residents family members or staff, interference with vendor deliveries, use of anti-Semitic slurs, profanities or other vulgar language or threats related to any of the above.

# EXHIBIT D

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Southern District of New York

CELESTE J. MATTINA, Regional Director, Region 2, National
Labor Relations Board, for and on behalf of NATIONAL LABOR
RELATIONS BOARD,                                            Petitioner    **SUBPOENA IN A CIVIL CASE**

V.

KINGSBRIDGE HEIGHTS REHABILITATION AND CARE CENTER,   Case Number:[1]  08-CV-6550 (DLC) ECF CASE
                                            Respondent.

TO:    1199 SEIU Greater New York Benefit Fund
       310 West 43rd Street
       New York, New York 10036

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
   testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

See Appendix B

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael J. Sciotti, Esq. Bar Roll No.: MS0007, Attorney for Respondent Kingsbridge | 8/5/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael J. Sciotti, John T. McCann, and Lindsey H. Hazelton, Hancock & Estabrook, LLP
1500 AXA Tower I, 100 Madison Street, Syracuse, NY 13221    Tel: (315) 471-3151

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Appendix A

The term "document" and "object" shall include all such documents defined or comprehended by Local Rule 26.3(d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and Rule 34(a) of the Federal Rules of Civil Procedure.

## APPENDIX B

### Definitions:

1.    The term "Union" refers to 1199 SEIU, United Healthcare Workers East.

2.    The term "Kingsbridge" refers to Kingsbridge Heights Rehabilitation and Care Center.

3.    The term "Benefit Fund" refers to the 1999 SEIU Greater New York Benefit Fund, and the following funds: (a) 1199 SEIU Greater New York Pension Fund, (b) 1199 SEIU Greater New York Education Fund, (c) 1199 SEIU Greater New York Child Care Fund; (d) 1199 Greater New York Job Security Fund; and (e) 1199 SEIU Greater New York Worker Participation Fund.

### Requests For Production

1.    All documents and objects setting forth or relating to the reasons of the Union, or any Kingsbridge bargaining unit employee, for taking a strike vote in or about October 2007.

2.    All documents and objects setting forth or relating to the reasons of the Union, or any Kingsbridge bargaining unit employee, for commencing a strike on or about  February 20, 2008.

3.    All documents or objects for the time frame January 1, 2006 through August 31, 2008 for any health care facilities' where the Union has a bargaining unit, which shows or indicates delinquent contributions owed to the Benefit Fund for any type of contributions.

4.    All documents or objects for the time frame January 1, 2006 through August 31, 2008 setting forth or relating to any decision or effort directed toward any health care facility where the Union has a bargaining unit to collect delinquencies and/or Benefit Fund payments by means of interrupting or terminating employee benefits under the Benefit Fund.

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board, for and
on behalf of the NATIONAL LABOR
RELATIONS BOARD,

**NOTICE OF DEPOSITION AND
SUBPOENA AD TESTIFICANDUM**

Petitioner,

**Civil Action No. 08-CV-6550 (DLC)**

vs.

**ECF CASE**

KINGSBRIDGE HEIGHTS REHABILITATION
AND CARE CENTER,

Respondent.

---

**PLEASE TAKE NOTICE** that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules

of Civil Procedure, Respondent will take the deposition upon oral examination of

_____ at 10:00 a.m., on _____, 2008, at the offices of _____,

_____, New York, New York, _____ or at such other time and place as may be mutually agreed

to by counsel for the parties.  The examination will take place before a notary public or other

person authorized by law to administer oaths and will be recorded by stenographic or sound-and-

video means.  Testimony shall continue from day to day until completed.  You are invited to

attend and cross-examine.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, 1199 SEIU

Greater New York Benefit Fund is advised of its duty to designate one or more of its officers,

directors or other persons to testify on its behalf with respect to the matters known or reasonably

available to the deponent and referred  to in the attached Exhibit A.

Dated:  August 5, 2008                    Respectfully submitted,


_____
Michael J. Sciotti
Bar Roll No.: MS0007
HANCOCK & ESTABROOK, LLP
Attorneys for Respondent
Kingsbridge Heights Rehabilitation and Care
Center
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone (315) 471-3151

## EXHIBIT A

### Definitions

1.    "Union" means 1199 SEIU United Healthcare Workers East and any and all predecessors, successors, divisions, subsidiaries, or joint ventures of thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

2.    "Kingsbridge" means the respondent, Kingsbridge Heights Rehabilitation and Care Center, and any and all predecessors, successors, divisions, subsidiaries, or joint ventures of thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3.    "Benefit Fund" means 1199 SEIU Greater New York Benefit Fund, and the following funds: (a) 1199 SEIU Greater New York Pension Fund, (b) 1199 SEIU Greater New York Education Fund, (c) 1199 SEIU Greater New York Child Care Fund; (d) 1199 Greater New York Job Security Fund; and (e) 1199 SEIU Greater New York Worker Participation Fund  and any and all predecessors, successors, divisions, subsidiaries, or joint ventures of thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

4.    "Concerning" means "referring to," "describing," evidencing," or "constituting."

5.    The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive, and "any" shall mean each and every.

6.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa, and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

**Topics**

1.    The reasons of the Union, or any Kingsbridge bargaining unit employee, for taking a strike vote in or about October 2007.

2.    The reasons of the Union, or any Kingsbridge bargaining unit employee, for commencing a strike on or about  February 20, 2008.

3.    For the time frame January 1, 2006 through August 31, 2008 for any health care facilities' where the Union has a bargaining unit, whether or not delinquent contributions of any type to any Benefit Fund were owed by the health care facility.

4.    For the time frame January 1, 2006 through August 31, 2008, any decision or effort directed toward any health care facility where the Union has a bargaining unit to collect delinquencies and/or Benefit Fund payments by means of interrupting or terminating employee benefits under the respective fund(s).