```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
CELESTE J. MATTINA, Regional Director,    :
Region 2, National Labor Relations        :
Board, for and on Behalf of the           :   08 Civ. 6550 (DLC)
NATIONAL LABOR RELATIONS BOARD,           :
                                          :   ORDER GRANTING
                        Petitioner,       :   INJUNCTION UNDER
                                          :   SECTION 10(j) OF
           -v-                            :   THE NATIONAL LABOR
                                          :   RELATIONS ACT
KINGSBRIDGE HEIGHTS REHABILITATION AND    :
CARE CENTER,                              :
                        Respondent.       :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

   The Petition and affidavit of Celeste J. Mattina, Regional Director for Region 2 of the National Labor Relations Board, having been filed pursuant to Section 10(j) of the National Labor Relations Act (29 U.S.C. 160(j)), praying, inter alia, for issuance of an order enjoining and restraining Respondent Kingsbridge Heights Rehabilitation and Care Center from engaging in certain acts and conduct in violation of Section 8(a)(1), (3), and (5) of the Act, pending the final disposition of the matters involved herein pending before said Board, and

   It appearing to the Court from the evidence adduced that there is reasonable cause to believe that Respondent has engaged in serious and pervasive unfair labor practices in violation of Section 8(a)(1), (3), and (5) of the Act and, unless enjoined

and restrained, enforcement of important provisions of the Act and of the public policy underlying it will be thwarted before Respondent can be placed under legal restraint through the regular procedure of a Board order and an enforcement decree, and for the reasons stated in the Opinion issued in this action on August 14, 2008;

**IT IS HEREBY ORDERED** that pending the final disposition of this matter by the National Labor Relations Board, Respondent, its officers, representatives, agents, servants, employees, and all persons acting in concert or participation with it or them are enjoined and restrained from in any manner or by an means:

(a)  Giving effect to or entering into individual employment agreements between the Respondent and bargaining unit employees;

(b)  Granting employees benefits in order to discourage employees from membership in 1199SEIU United Healthcare Workers East ("the Union") or from engaging in protected, concerted activities;

(c)  Granting employees benefits without giving the Union notice and an opportunity to bargain regarding those benefits;

(d)  Bypassing the Union and dealing directly with bargaining unit employees regarding their terms and conditions of employment;

(e)  Threatening employees with discharge if they engage in a strike;

(f)  Soliciting employees to resign their Union membership and to promise not to join any labor organization as a condition of employment;

(g)  Videotaping and/or photographing employees engaged in picketing, striking, meeting with Union representatives, or other concerted, protected activities without proper justification, provided that Respondent shall have the

right to maintain video cameras directed at its entrances, exits, and patient elopement areas;

(h)  Failing and refusing to meet and bargain in good faith with the Union as the exclusive collective bargaining representative of all employees in the bargaining unit as defined in the expired 2002-2005 collective bargaining agreement;

(i)  Failing and refusing to provide the Union with relevant, requested information;

(j)  Making unilateral changes in employees' terms and conditions of employment, including but not limited to ceasing to make benefit fund contributions on behalf of employees, without giving the Union notice and an opportunity to bargain regarding such terms and conditions of employment; and

(k)  In any like or related manner interfering with, restraining, or coercing employees in the exercise of their Section 7 rights.

**IT IS FURTHER ORDERED** that pending the final disposition of this matter by the National Labor Relations Board, Respondent, its officers, representatives, agents, servants, employees, and all persons acting in concert or participation with it or them shall, within five (5) business days of the issuance of the this Order:

(l)  Provide the Union with the information it requested by letters dated June 13 and August 3, 2007;

(m)  Treat the striking bargaining unit employees as unfair labor practice strikers and, upon their unconditional offer to return to work, reinstate them to their former positions, without prejudice to their seniority or other rights and privileges previously enjoyed, displacing, if necessary, any employees hired, transferred, reassigned or obtained, leased, or contracted for through an outside agency to replace them;

> Provided, however, that the Respondent shall not be required to reinstate any individuals identified by Respondent on August 18, 2008, as having allegedly

engaged in strike misconduct, unless and until it is determined at a hearing before this Court, or its designee, according to the procedure set forth below, that such individuals shall be reinstated. The following schedule shall apply to the hearing conducted under this provision:

   (1) Before 5:00 p.m. on Friday, August 15, 2008, Respondent and Petitioner shall submit a joint statement of the standard of law to be applied to the hearing conducted pursuant to this provision. Failing agreement on the applicable standard of law, the parties shall submit separate statements of the standard of law to be applied to such hearing by 5:00 on August 15, 2008;

   (2) By 10:00 a.m. on August 18, 2008, Respondent shall provide Petitioner, the Union, and the accused individuals with a notice setting forth each and every allegation of strike misconduct, together with the dates, times, locations, and descriptions of the alleged misconduct, and a list of any witnesses and/or documentary evidence that supports each allegation;

   (3) The hearing shall commence at 9:30 a.m. on Tuesday, August 19, 2008 and shall continue as necessary on Wednesday, August 20, 2008 and thereafter until concluded; and

   (4) Respondent shall bear the burden of proof on striker misconduct.

(n) Rescind, on an interim basis, any yellow-dog contract that it entered into with a unit employee;

(o) Upon request, bargain in good faith with the Union as the exclusive collective bargaining representative of all employees in the bargaining unit as defined in the expired collective bargaining agreement;

(p) Upon request and notice by the Union of at least 48 hours, permit the Union access to an appropriate space designated by Respondent in the Respondent's facility in accordance with the terms of the expired collective-bargaining agreement as construed by the arbitration award dated May 26, 2005 (Re: Union Access issues) for the purpose of meeting with employees;

(q) Upon request of the Union, rescind any changes in employees' terms and conditions of employment as set forth in the parties' collective-bargaining agreement, including but not limited to, resuming making timely benefit fund

4

contributions on behalf of employees, upon their unconditional offer to return to work;

(r)  Post copies of this Order at Respondent's facility where notices to employees are customarily posted, in English, and upon provision by Petitioner of copies of the Order in Spanish and Polish with certifications of translation, post copies of the Order in Spanish and Polish along with the English version of the Order;

(s)  Within twenty (20) days of issuance of this decree, file with this Court, with a copy served to the Regional Director, Region 2, a sworn affidavit from a responsible official setting forth with specificity the manner in which the Employer is complying with the terms of the decree.

SO ORDERED:

Dated:    New York, New York
          August 14, 2008

                                    _____
                                              DENISE COTE
                                    United States District Judge