Jamie Rucker (JR6767)
Nancy Slahetka (NS4140)
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278-0104
(212) 264-0300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board,
for and on Behalf of the NATIONAL
LABOR RELATIONS BOARD,

                       Petitioner,

   -against-                                   08 Civ. 6550

KINGSBRIDGE HEIGHTS REHABILITATION            J. Cote
AND CARE CENTER

                       Respondent.                ECF Case
------------------------------------X

PETITIONER'S STATEMENT OF
STANDARDS OF LAW APPLICABLE TO STRIKER MISCONDUCT HEARING

Counsel for Petitioner suggests the following principles of law should guide the Court in deciding whether the individuals Respondent will identify on Monday, August 18, 2008, have engaged in strike misconduct sufficient to disqualify those individual from immediate reinstatement to their former positions of employment at Kingsbridge Heights Rehabilitation and Care Center.[1]

---

[1] Counsel for the parties have not reached agreement on the correct formulation of the principles which should guide the Court's decisions. Consequently, Respondent counsel shall submit a separate statement of law to the Court.

- Unless an employer who refuses to reinstate strikers can show that his action was due to 'legitimate and substantial business justifications,' he is guilty of an unfair labor practice. *NLRB v. Fleetwood Trailer Co.*, 389 U.S. 375, 378 (1967) (quoting *NLRB v. Great Dane Trailers*, 388 U.S. 26, 34 (1967)).

- Strike misconduct may constitute a "legitimate and substantial business justification" for refusing to reinstate a striking employee. *See, e.g., Associated Grocers v. NLRB*, 562 F.2d 1333 (1st Cir.1977); *NLRB v. McQuaide, Inc.*, 552 F.2d 519, 527-28 (3d Cir.1977); *NLRB v. Cambria Clay Prod. Co.*, 215 F.2d 48, 54 (6th Cir.1954).

- In order for an employee to be properly denied reinstatement, that individual must actually have engaged in the conduct of which s/he is accused; a mistaken belief on the part of the employer, even if held in good faith, is not sufficient. *NLRB v. Burnup & Sims, Inc.*, 379 U.S. 21, 23 (1974).

- An employer's refusal to reinstate a striker must be based on evidence that the striker personally engaged in strike misconduct. *Medite of New Mexico v. NLRB*, 72 F.3d 780, 790 (10th Cir. 1995).

- The general standard for whether activity constitutes strike misconduct excusing an employer from reinstating an employee is "whether the misconduct is such that, under the circumstances existing, it may reasonably tend to coerce or intimidate employees in the exercise of rights protected under the Act." *Clear Pine Molding*, 268 NLRB 1044, 1046 (1984), enfd. without opinion 765 F.2d 148 (9th Cir. 1985), cert. denied 474 U.S. 1105

(1986); *Richmond Recording Corp. v. NLRB*, 836 F.2d 289, 295 (7th Cir. 1987).

- Disparate treatment of strikers and nonstrikers undermines a claim that an alleged instance of misconduct provides justification for refusing to reinstate a striking employee and may be evidence of pretext. *Gibson Greetings, Inc. v. NLRB*, 53 F.3d 385, 393 (D.C. Cir. 1995).

- "Unauthorized acts of violence on the part of individual strikers are not chargeable to other union members in the absence of proof that identifies them as participating in such violence." *Altorfer Machinery Co.*, 332 NLRB 130, 141 (2000).

- Strikers have no affirmative duty to intervene to obstruct acts of misconduct by others. *Beaird Industries*, 311 NLRB 768, 769-770 (1993).

DATED:    August 15, 2008

Respectfully submitted,

Jamie Rucker (JR6767)
Nancy Slahetka (NS4140)
Counsel for Petitioner
National Labor Relations Board
26 Federal Plaza, Room 3614
New York, New York  10278
Tel. (212) 264-0300
FAX (212) 264-2450