Jamie Rucker (JR6767)
Lauren Esposito (LE4221)
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278-0104
(212) 264-0300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board,
for and on Behalf of the NATIONAL
LABOR RELATIONS BOARD,

                        Petitioner,

   -against-                                       08 Civ. 6550

KINGSBRIDGE HEIGHTS REHABILITATION          J. Cote
AND CARE CENTER

                        Respondent.         ECF Case
------------------------------------------------X

### PETITIONER'S STATEMENT OF
### STANDARDS OF LAW GOVERNING STRIKE MISCONDUCT ALLEGATIONS

1.   On July 23, 2008, the Petitioner filed a Petition for Temporary Injunctive Relief pursuant to Section 10(j) of the National Labor Relations Act, as amended (Act), 29 U.S.C. Section 160(j).

2.   By Order dated August 14, 2008---and modified in relevant respects on August 18 and 20, 2008---this Court granted petitioner's Injunction.  Under the Court's Orders, Respondent was required to reinstate every striker who made an unconditional offer to return to work.  However, the terms of the Court's Orders also permitted Respondent to identify individuals who had allegedly engaged in

misconduct sufficient to justify Respondent in discharging or refusing to reinstate those employees.[1]

3. The Court agreed to hear and determine whether those individuals Respondent identified as having allegedly engaged in misconduct could be lawfully denied reinstatement or discharged for the misconduct, if proven. The Court directed the parties to make submissions regarding (i) whether, for each instance of alleged misconduct, such conduct, if proven, would constitute a substantial, legitimate business justification for Respondent to discharge or refuse to reinstate an individual who had engaged in that conduct; and (ii) the procedure for the conduct of the hearing before this Court to determine whether the individual identified by Respondent had in fact engaged in the conduct alleged by Respondent. Both submissions were, by Order of the Court, to be filed by 5:00 p.m. on Thursday, August 28, 2008.

4. On August 22, 2008, pursuant to Order of the Court, Respondent submitted a list of the employees it contends have engaged in strike misconduct sufficient to justify their discharge from employment with Respondent. A copy of that list is attached hereto as Exh. A.

---

[1] In the initial order, Respondent was to identify all the individuals it alleged had engaged in misconduct by 10:00 a.m. on Monday, August 18, 2008, and hearings regarding the alleged instances of misconduct were to be held on August 19 and 20, 2008. Upon agreement of the parties, that portion of the Court's Order was modified to permit Respondent to identify up to six individuals who had allegedly engaged in more serious misconduct by 5:00 p.m. on August 19, 2008, and such individuals were to not return to work pending adjudication of their alleged misconduct on September 3 and 8, 2008. Respondent failed to timely identify such individuals. Consequently, by Order of August 20, 2008, the Court ordered all of the unfair labor practice strikers to be reinstated, pending the previously scheduled hearings for September 3 and 8, 2008.

Case 1:08-cv-06550-DLC    Document 38    Filed 08/28/2008    Page 3 of 15

5.  Following is Petitioner's statement of the law related to the allegations of misconduct in Exh. A, as required by the Court.

6.  The allegations of misconduct cited in Exh. A fall, under applicable case law, into various natural categories:

(a) Cursing at, yelling at, or insulting non-strikers, whether employees or others. In this category are allegations against Stanislaw Skumial, Sharon Loechel, Zina Montgomery, Brenda Robinson, Olivia Owusu, Jackie Sinnono, Verna Wattley, and Veronica Jackson. As argued in Petitioner's Motion to Dismiss Allegations, such conduct does not, by itself, constitute misconduct which takes employees outside the protections of the National Labor Relations Act. See Motion to Dismiss Allegations, ¶ 11 and case law cited therein.

(b) Threats of physical harm allegedly made by strikers to non-strikers. This category potentially includes allegations against Stanislaw Skumial, Tomasz Skarupski, Jeffrey Wojciechowski, Josef Wyrwal, Sharon Loechel, Brenda Robinson, and Olivia Owusu. The context and nature of the "threat" determine whether a specific statement rises to the level of serious misconduct. Compare *Ornamental Iron Work Co.*, 295 NLRB 473, 480-481 (1989), *enfd. without opinion* 935 F.2d 270 (6th Cir. 1991) (striker who opened door of non-striker's truck which was surrounded by pickets, told non-striker to get out, and told non-striker that strikers would "get that gasoline and pour it on your truck and blow your ass away" made a serious threat of physical harm that "transcended lawful picket line activity") with *The Hotel Roanoke*, 293 NLRB 182, 188 and 210 (1989) ("A statement that 'I'll beat your ass,' not associated with

3

menacing gestures, the showing of weapons, or the like, fits into the insignificant category. Absent some indication that the threat has an immediacy of reality, the Board will not find a mere statement enough to deny a striker his or her right to reinstatement"); see also *Service Employees Intern. Union Local 525 (General Maintenance Service Co.)*, 329 NLRB 638, 655 (1999), *affd.* 52 Fed.Appx. 357, 173 L.R.R.M. 2256 (9th Cir. 2002) ("A promise to 'kick ass' is virtually a cliché today"); *Gem Urethane Corp.*, 284 NLRB 1349, 1354 n.21 and 1372-1373 (1987).

(c) Assault/battery. This category potentially includes allegations against Sivasakhy Ramalingam, Jacqueline Codwell, Josef Wyrwal, Kervin Campbell, Alejandra Hernandez, Marsha Dussard, Brenda Robinson, Olivia Owusu, and Jeffrey Wojciechowski. Unprovoked battery constitutes serious misconduct. *KSM Industries, Inc.*, 336 NLRB 133, 134 (2001). But sufficient provocation can excuse certain responses, even some physical contact. *E.I. Dupont de Nemours*, 263 NLRB 159, 159-160 (1982) *enfd.* 750 F.2d 524 (6th Cir. 1984) (employee who pushed supervisor with open hand could not be lawfully discharged for that action after supervisor had engaged in 3-1/2 month campaign of unlawful harassment of that employee which provoked employee's response). Similarly, self-defense excuses what might otherwise be objectionable conduct. *Franzia Bros. Winery*, 290 NLRB 927, 933 (1988) ("It cannot be said he engaged in strike misconduct when his only notable act was to forcefully repel an apparent attacker").

(d) Throwing solid objects. This potentially includes allegations against Sivasakhy Ramalingam and Kervin Campbell.

4

Throwing rocks at a non-striker's vehicle exceeds the bounds of protected conduct. *PBA, Inc.*, 270 NLRB 998, 998 (1984).

(e) Following non-strikers. This allegation is made against Brenda Robinson and Veronica Jackson. "[M]ere following of non-strikers does not rise to the level of strike misconduct which forfeits a striker's protection under the Act." *Altorfer Machinery Co.*, 332 NLRB 130, 141 (2000).

(f) Revealing/carrying/brandishing a weapon. This allegation is made against Marsha Dussard. Mere public possession of a weapon is not by itself misconduct, *Newport News Shipbuilding*, 265 NLRB 716, 724 (1982), *enfd. in relevant part* 738 F.2d 1404 (4th Cir. 1984) (carrying sheathed knife on belt while on picket line did not, without more, constitute misconduct), but display of a weapon to an opposed party during the course of an argument is misconduct, *Ford Bros.*, 294 NLRB 107 (1989).

(g) Pounding on a car. This allegation is made against Sivasakhy Ramalingam. The exact contours of the conduct demonstrated determine whether the action constitutes misconduct. *Preterm, Inc.*, 273 NLRB 683, 698 and 704 (1984), *enfd.* 784 F.2d 426 (1st Cir. 1986) (no serious misconduct found where "[the] witnesses used general descriptive terms of blocking, pounding, and screaming. The overall testimony does not reveal that the car was blocked for more than an insignificant amount of time. There is no evidence that the pounding caused any damage. And there is no indication that the screaming was more than strike rhetoric"; but conduct sufficient to cause damage to a car constituted misconduct); *Teamsters Local 812 (Pepsi-Cola Newburgh)*, 304 NLRB 111, 115 (1991) ("The blocking,

5

hitting and kicking of vehicles by pickets are within the parameters of picket line misconduct"). See also *Medite of New Mexico*, 314 NLRB 1145, 1146-1147 (1994), *enfd.* 72 F.3d 780 (10th Cir. 1995) (hitting car briefly with cardboard signs not misconduct).

(h) Blocking entrance to a facility. This allegation is made against Lily Miller. While attempting to prevent non-strikers from obtaining access to a facility may constitute serious strike misconduct, *Tube Craft, Inc.*, 287 NLRB 491, 491-493 (1987), momentary delay of non-strikers or isolated incidents are de minimis, *Service Employees Intern. Union Local 525 (General Maintenance Service Co.)*, 329 NLRB 638, 655 (1999), *affd.* 52 Fed.Appx. 357, 173 L.R.R.M. 2256 (9th Cir. 2002) ("the entire incident may be considered de minimis in that it was of limited duration, impact, and significance").

(i) Throwing water at or spilling liquid on non-strikers. This allegation is made against Sandra Bryant, David Thomas, Marsha Dussard, and Zina Montgomery. Whether such action amounts to serious misconduct appears to depend on whether the conduct could reasonably be interpreted as dangerous. Compare *Detroit Newspaper Agency*, 342 NLRB 223, 224 (2004) (striker who squirted security guard with water pistol not engaged in serious misconduct) with *Teamsters Local 812 (Pepsi-Cola Newburgh)*, 304 NLRB 111, 117 (1991) (throwing liquid in face of driver constituted misconduct).

7. All of the foregoing standards regarding misconduct are subject to the principle that disparate treatment of strikers and non-strikers is evidence that the alleged misconduct does not in

fact constitute, for the employer, a substantial and legitimate business justification for refusing to reinstate or for discharging an employee. In short, an employer cannot discharge or refuse to reinstate strikers for conduct which the employer has tolerated or disciplined less seriously when engaged in by non-strikers. *Domsey Trading Corp.*, 310 NLRB 777 (1993) (quoting *Aztec Bus Lines*, 289 NLRB 1021, 1027 (1988)), *enfd.* 16 F.3d 517 (2d Cir. 1994).

8. Further, accidental conduct is not likely to qualify as misconduct. *E-Systems, Inc.*, 244 NLRB 231, 234 (1979).

DATED:   New York, New York
         August 28, 2008

                                        Respectfully submitted,

                                        _____
                                        Jamie Rucker (JR6767)
                                        Lauren Esposito (LE4221)
                                        Counsel for Petitioner
                                        National Labor Relations Board
                                        26 Federal Plaza, Room 3614
                                        New York, New York  10278
                                        Tel. (212) 264-0300
                                        FAX (212) 264-2450

7

KINSBRIDGE HEIGHTS REHABILITATION AND CARE CENTER

NOTICE OF STRIKE MISCONDUCT

August 22, 2008

      Pursuant to the August 14, 2008 Order of the United States District Court for the Southern District of New York (Hon. Denise Cote, U.S.D.J.), as modified by Order dated August 18, 2008, Kingsbridge Heights Rehabilitation and Care Center hereby provides notice of alleged incidents of strike misconduct by employees represented 1199SEIU United Healthcare Workers East:

Name:  Sivasakhy Ramalingam
Date(s):  (1) June 2008, (2) June 16, 2008
Time(s):  5:30 p.m.
Location(s):  (1) Road in front of facility
Description of Misconduct:
    (1) Threw open can of soda at Jozef Hubacek
    (2) Kicked car and pounded fists braking windshield, threw trash can at car
List of Witnesses/Documentary Evidence:
    (1) Jozef Hubacek/Affidavit
    (2) Helen Sieger

Name:  Jacqueline Codewell
Date(s):  February 20, 2008
Time(s):  6:45 a.m.
Location(s):  Outside facility
Description of Misconduct:
    Grabbed Nelly Tchilingirov and her purse as she tried to enter facility
List of Witnesses/Documentary Evidence:
    Nelly Tchilingirov/Statement

Name:  Sandra Bryant
Date(s):  April 10, 2008
Time(s):  9:00 a.m.
Location(s):  Outside facility
Description of Misconduct:
    Spilled soda on Nina Kutsenko as she tried to enter facility
List of Witnesses/Documentary Evidence:
    Nina Kutsenko/Statement


GOVERNMENT EXHIBIT A

Name: Stanislaw Skumial
Date(s): February 25, 2008
Time(s): 10:00 a.m.
Location(s): Outside facility
Description of Misconduct:
    Screaming profanity and threat to beat up Jozef Hubacek
List of Witnesses/Documentary Evidence:
    Jozef Hubacek/Statement


Name: Tomasz Skarupski
Date(s): February 19, 2008
Time(s): 11:00 a.m.
Location(s): Parking lot in front of facility
Description of Misconduct:
    Threatened to slash Jozef Hubacek's throat
List of Witnesses/Documentary Evidence:
    Jozef Hubacek/Statement


Name: Jeffry Wojciechowski
Date(s): June 17, 2008
Time(s): 3:00 p.m.
Location(s): Outside facility
Description of Misconduct:
    Threatened to have Jozef Hubacek beaten up
List of Witnesses/Documentary Evidence:
    Jozef Hubacek/Statement


Name: Isaac Norety
Date(s): February 29, 2008
Time(s): 9:30 p.m.
Location(s): Side of building
Description of Misconduct:
    Cursing, shoving and threatening Stephanie Futrell
List of Witnesses/Documentary Evidence:
    Stephanie Futrell/Statement


Name: Person not identified
Date(s): March 16, 2008
Time(s):
Location(s): Outside facility
Description of Misconduct:
    Coffee thrown at, hit, kicked, and pulled hair of Diana Butler
List of Witnesses/Documentary Evidence:
    Diana Butler/Statement

Name: Josef Wyrwal
Date(s): June 2008
Time(s): 11:00 p.m.
Location(s): On sidewalk, Cannon Place
Description of Misconduct:
    Pushed Zulma Ruiz-Reyes against a car, smacked her and threatened to beat her up
List of Witnesses/Documentary Evidence:
    Zulma Ruiz-Reyes/Statement


Name: David Thomas
Date(s): July 3, 2008
Time(s): 11:05 p.m.
Location(s): Near parking lot of facility
Description of Misconduct:
    Threw water at employees leaving work
List of Witnesses/Documentary Evidence:
    Marie Faye/Statement
    Bernard Hammond/Statement
    Neil Gray


Name: Kervin Campbell
Date(s): July 3, 2008
Time(s): 11:05 p.m.
Location(s): Near parking lot of facility
Description of Misconduct:
    Threw chairs and empty bottles at Bernard Hammond and Neil Gray
List of Witnesses/Documentary Evidence:
    Marie Faye/Statement
    Bernard Hammond/Statement
    Neil Gray


Name: Sharon Loechel
Date(s): February to present
Time(s): 3 p.m.
Location(s): Outside facility
Description of Misconduct:
    Cursing at Karen Dewess threatening bodily harm
List of Witnesses/Documentary Evidence:
    Karen Dewees/Statement

Name: Marsha Dussard
Date(s): March 26, 2008
Time(s): 5:30 p.m.
Location(s): Outside facility
Description of Misconduct:
    Brandishing knife
List of Witnesses/Documentary Evidence:
    Angelique Roofe/Statement


Name: Marsha Dussard
Date(s): March 26, 2008 (May 2008?)
Time(s): 3:20 p.m.
Location(s): Outside facility
Description of Misconduct:
    Threw water at Angelique Roofe
List of Witnesses/Documentary Evidence:
    Angelique Roofe/Statement
    Angela McLeod/Statement
    Tina Hill/Statement

Name: Zina Montgomery
Date(s): March 16, 2008
Time(s): 2:30 p.m.
Location(s): Between Giles and Kingsbridge Heights
Description of Misconduct:
    Threw water at and called Diatom Sadio names
List of Witnesses/Documentary Evidence:
    Diatom Sadio/Statement


Name: Brenda Robinson
Date(s): April 8, 2008, and continuing when leave work
Time(s): 6:00 p.m.
Location(s): Grocery store at Broadway and 231st Street, outside facility
Description of Misconduct:
    Screamed and threatened that (Aznieszke Szereszewski) is going to die
List of Witnesses/Documentary Evidence:
    Agnieszke Szereszewski/Statement

Name: Olivia Owusu
Date(s): April 8, 2008, and continuing when leaving work
Time(s): 6:00 p.m.
Location(s): Grocery store at Broadway and 231st Street, outside facility
Description of Misconduct:
    Screamed and threatened that (Aquieszke Szereszewski) is going to die
    Profanities, and insults directed toward her
List of Witnesses/Documentary Evidence:
    Agnieszka Szereszewski/Statement

Name: Olivia Owusu
Date(s): February 20-22, 2008
Time(s): 3:05 p.m.
Location(s): Outside facility
Description of Misconduct:
    Threat of physical harm to Mariah Sangare, and profanities directed to her
List of Witnesses/Documentary Evidence:
    Mariah Sangare/Statement


Name: Jackie Sinnono
Date(s): February 27, 2008, June 18, 2008
Time(s): 10:00 p.m., 3:00 p.m.
Location(s): Street in front of West Building
Description of Misconduct:
    Screaming at and insulting the Szereszewski's, and their daughter
List of Witnesses/Documentary Evidence:
    Agnieszka Szereszewski/Statement
    Antoni Szereszewski/Statement, Viktor Dedi, Ryszarol Szereszewski


Name: Verna Wattley
Date(s): June 10, 2008
Time(s): 7:00 a.m.
Location(s): Facility parking lot
Description of Misconduct:
    Cursing and making derogatory statement to Antoni Szereszewski
List of Witnesses/Documentary Evidence:
    Antoni Szereszewski/Statement


Name: Brenda Robinson
Date(s): February 20-22, 2008
Time(s): 3:05 p.m.
Location(s): Outside facility
Description of Misconduct:
    Following, intimidating Mariah Sangare, profanities directed to her and family
List of Witnesses/Documentary Evidence:
    Mariah Sangare/Statement


Name: Veronica Jackson
Date(s): February 20-22, 2008
Time(s): 3:05 p.m.
Location(s): Outside facility
Description of Misconduct:
    Following, intimidating Mariah Sangare, profanities directed to her and family
List of Witnesses/Documentary Evidence:
    Mariah Sangare/Statement

Name: Lily Miller
Date(s): June 16, 2008
Time(s): 5:30 p.m.
Location(s): Outside facility
Description of Misconduct:
  Blocked car Helen Sieger's car
List of Witnesses/Documentary Evidence:
  Helen Sieger/Affidavit


Name: Isaac Nortey
Date(s): May 23, 2008
Time(s): 9:40 a.m.
Location(s): Outside facility
Description of Misconduct:
  Punched Helen Sieger
List of Witnesses/Documentary Evidence:
  Helen Sieger/Affidavit


Name: Alejandra Hernandez
Date(s): 4/17/08
Time(s): 5:05 p.m.
Location(s): Fort Independence & Giles
Description of Misconduct:
  Physical assault and battery of Nakeysha Middleton, including pulling of hair
List of Witnesses/Documentary Evidence:
  Nina Kutsenko and Nakeysha Middleton
  Affidavit of Nina Kutsenko


Name: Marsha Dussard
Date(s): August 14, 2008
Time(s): 5:30 p.m.
Location(s): Cannon Place
Description of Misconduct:
  Physical assault and battery of Nina Kutsenko
List of Witnesses/Documentary Evidence:
  Nina Kutsenko


Name: Brenda Robinson
Date(s): August 14, 2008
Time(s): 5:30 p.m.
Location(s): Cannon Place
Description of Misconduct:
  Physical assault and battery of Nina Kutsenkso
List of Witnesses/Documentary Evidence:
  Nina Kutsenko

Name: Olivia Owusu
Date(s): August 14, 2008
Time(s): 5:30 p.m.
Location(s): Cannon Place
Description of Misconduct:
    Physical assault and battery of Nina Kutsenkso
List of Witnesses/Documentary Evidence:
    Nina Kutsenko


Name: Jefferey Wojciechowski
Date(s): February 22, 2008
Time(s): 3:15 p.m.
Location(s): Front of building
Description of Misconduct: Threatened Martin Hubacek
 List of Witnesses/Documentary Evidence:
    Martin Hubacek/Statement

Name: Jefferey Wojciechowski
Date(s): March 22, 2008
Time(s): 9:00 p.m.
Location(s): Broadway & 238th Street
Description of Misconduct:
    Body slammed and threatened death with knife to Martin Hubacek
List of Witnesses/Documentary Evidence:
    Martin Hubacek/Statement


Name: Jacqueline Simono
Date(s):
Time(s):
Location(s):
Description of Misconduct:

List of Witnesses/Documentary Evidence:


Name: Paulette Cameron Scott
Date(s):
Time(s):
Location(s):
Description of Misconduct:
List of Witnesses/Documentary Evidence: