Jamie Rucker (JR6767)
Lauren Esposito (LE4221)
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278-0104
(212) 264-0300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board,
for and on Behalf of the NATIONAL
LABOR RELATIONS BOARD,

                      Petitioner,

  -against-                                       08 Civ. 6550

KINGSBRIDGE HEIGHTS REHABILITATION           J. Cote
AND CARE CENTER

                    Respondent.         ECF Case
------------------------------------------X

**MOTION TO DISMISS ALLEGATIONS**

      Comes now counsel for the Petitioner, Celeste J. Mattina, Regional Director for Region 2 of the National Labor Relations Board (Board), and moves the Court for an Order to strike certain allegations of striker misconduct raised by Respondent, Kingsbridge Heights Rehabilitation and Care Center. In support of this Motion, counsel for Petitioner states the following:

      1.   On July 23, 2008, the Petitioner filed a Petition for Temporary Injunctive Relief pursuant to Section 10(j) of the National Labor Relations Act, as amended (Act), 29 U.S.C. Section 160(j).

2. By Order dated August 14, 2008---and modified in relevant respects on August 18 and 20, 2008---this Court granted petitioner's Injunction. Under the Court's Orders, Respondent was required to reinstate every striker who made an unconditional offer to return to work. However, the terms of the Court's Orders also permitted Respondent to identify individuals who had allegedly engaged in misconduct sufficient to justify Respondent in discharging or refusing to reinstate those employees.

3. Respondent was required, under the terms of the Court's Orders, to provide Petitioner and 1199SEIU United Healthcare Workers East ("the Union") with a list of the individuals Respondent alleged engaged in misconduct during the course of the strike, together with the date, time, location, and description of each instance of alleged misconduct, as well as a list of any witnesses and/or documentary evidence Respondent intended to present in support of each misconduct allegation.

4. On August 15, 2008, pursuant to Order of the Court, Petitioner submitted a brief statement of the principles of law governing an employer's refusal to reinstate an employee the employer contends has engaged in misconduct during the course of a strike. Although Respondent was given an opportunity to make its own submission, it did not do so, effectively conceding the accuracy of Petitioner's statement of law.

5. On August 22, 2008, at around 4:44 p.m., by electronic mail, Respondent sent counsel for Petitioner the list contemplated by the Court's Order of August 18, 2008,

particularly subparagraph (m)(2) of that Order. A copy of that list is attached hereto as Exh. A.

6. Petitioner now moves to strike certain items from that list. In particular, Petitioner contends that the seventh, eighth, nineteenth, twentieth, twenty-fourth, thirty-first, and thirty-second items in Exh. A cannot, as a matter of law, constitute grounds for discharge of any of Respondent's employees.

7. Under the Court's Orders, Respondent has the burden of proof regarding the allegations of striker misconduct and of setting forth the facts to support the allegations. It is therefore appropriate to treat those allegations as subject to a summary judgment motion. See *Syracuse Broadcasting Corp. v. Newhouse*, 271 F.2d 910, 914 (2d Cir. 1959) (treating motion to dismiss for failure to comply with court order similarly to other dispositive motions; "disposition under rule 56 would appear to be no less mandatory when analogous motions are considered at the pre-trial stage"). "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 579 (2d Cir. 2006).

8. Items seven and twenty-four allege that Isaac Nortey engaged in instances of misconduct. However, Mr. Nortey is not now and has not been at any relevant time one of Respondent's employees. Rather, Mr. Nortey is and has been at all relevant

3

times employed by the Union as a Vice President. Attached hereto as Exh. B is a brief statement of Isaac Nortey regarding his lack of an employment relationship with Respondent. Because Respondent cannot discharge Mr. Nortey from employment, whether he engaged in the conduct alleged is irrelevant.

9.  Item eight fails to identify any individual as having allegedly engaged in misconduct. Strike misconduct is, where proven, a "legitimate and substantial justification" for refusing to reinstate (or for discharging) a striker. *E.g., Associated Grocers v. NLRB,* 562 F.2d 1333 (1st Cir.1977); *NLRB v. McQuaide, Inc.,* 552 F.2d 519, 527-28 (3d Cir.1977); *NLRB v. Cambria Clay Prod. Co.,* 215 F.2d 48, 54 (6th Cir.1954). Plainly, misconduct which is not attributable to a specific individual cannot provide *any* justification for discharging or refusing to reinstate any person. Further, "To decide whether each discharge was lawful under the Act, we therefore first consider whether the Respondent has proved that it had an honest belief that the discharged employee engaged in strike misconduct of a serious nature. *Gem Urethane Corp.,* 284 NLRB 1349, 1351 (1987)…Respondent's honest belief…must be based evidence linking the specific employee in question to specific acts of misconduct." *Universal Truss, Inc.,* 348 NLRB No. 41, slip op. at 2 (2006). Item eight therefore fails to provide any basis for concluding that Respondent may lawfully discharge a specific individual from employment.

10. Items thirty-one and thirty-two fail to identify any alleged misconduct. As noted in the preceding paragraph, in order to provide a justification for discharging or refusing to

4

reinstate a striker, an employer must have an honest belief that an employee engaged in strike misconduct of a serious nature. *Id.* Completely unspecified conduct cannot provide a foundation for an honest belief that an employee has engaged in misconduct. Hence neither item thirty-one nor item thirty-two can provide any basis for Respondent to lawfully discharge any individual from employment.

   11.   Items nineteen and twenty allege (i) that employee Jackie Sinnono "scream[ed] at and insult[ed] the Szereszewskis and their daughter" and (ii) that employee Verna Watley "curs[ed] and ma[de] derogatory statement[s] to Antoni Szereszewski." Neither instance of alleged conduct constitutes strike misconduct of a serious nature. As the one district court put it, "It is a matter of common sense that some confrontations between strikers and non-strikers are inevitable. Therefore, excluded from the reach of 'serious misconduct' is 'behavior which may be abusive and uncalled for but which does not reasonably tend to coerce or intimidate.'" *Blyer v. Pratt Towers, Inc.*, 124 F.Supp.2d 136, 146 (E.D.N.Y. 2000) (*quoting Newport News Shipbuilding and Dry Dock Co. v. NLRB*, 738 F.2d 1404, 1408 (4th Cir. 1984)). Offensive language which does not threaten physical harm does not reasonably tend to coerce or intimidate employees:

> "The Board does not condone the use of abusive or obscene language. However, it has long held, with court approval, that such language does not cause a striking employee to lose the Act's protection. See *Coronet Casuals, Inc.*, 207 NLRB 304 (1973): *Terry Coach Industries, Inc.*, 166 NLRB 560, 563-64, fn. 2 (1967), enfd. 411 F.2d 612 (9th Cir. 1969): *Schott Metal Products Company*, 128 NLRB 415 (1960); *Longview Furniture Company*, 100 NLRB 301, 304-305 (1952);

5

*Brown & Root, Inc.*, 246 NLRB 33 (1979); and see *Linn v. United Plant Guard Workers*, 383 U.S. 53, 60-61 (1966)."
*Garrett Railroad Car*, 255 NLRB 620, 621 n.6 (1981), *enfd. in part* 683 F.2d 731 (3d Cir. 1982). See also *Calliope Designs*, 297 NLRB 510, 521 (1989) (calling one non-striker a "whore" and claiming that she had sex with employer president, while telling another she should sell her daughter at the flea market was offensive but not coercive conduct).

12. Assuming, *arguendo*, that the facts are as Respondent sets forth in items 7, 8, 19, 20, 24, 31, and 32, Respondent has failed "to make a showing sufficient to establish the existence of an element essential to [its] case," on each of those items and Petitioner is entitled to "judgment as a matter of law because [Respondent] has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). The Court should therefore dismiss those specific allegations of striker misconduct.

DATED:   New York, New York
         August 28, 2008

                                          Respectfully submitted,

Jamie Rucker (JR6767)
Lauren Esposito (LE4221)
Counsel for Petitioner
National Labor Relations Board
26 Federal Plaza, Room 3614
New York, New York 10278
Tel. (212) 264-7614
FAX (212) 264-2450

KINSBRIDGE HEIGHTS REHABILITATION AND CARE CENTER

NOTICE OF STRIKE MISCONDUCT

August 22, 2008

Pursuant to the August 14, 2008 Order of the United States District Court for the Southern District of New York (Hon. Denise Cote, U.S.D.J.), as modified by Order dated August 18, 2008, Kingsbridge Heights Rehabilitation and Care Center hereby provides notice of alleged incidents of strike misconduct by employees represented 1199SEIU United Healthcare Workers East:

Name: Sivasakhy Ramalingam
Date(s): (1) June 2008, (2) June 16, 2008
Time(s): 5:30 p.m.
Location(s): (1) Road in front of facility
Description of Misconduct:
    (1) Threw open can of soda at Jozef Hubacek
    (2) Kicked car and pounded fists braking windshield, threw trash can at car
List of Witnesses/Documentary Evidence:
    (1) Jozef Hubacek/Affidavit
    (2) Helen Sieger

Name: Jacqueline Codewell
Date(s): February 20, 2008
Time(s): 6:45 a.m.
Location(s): Outside facility
Description of Misconduct:
    Grabbed Nelly Tchilingirov and her purse as she tried to enter facility
List of Witnesses/Documentary Evidence:
    Nelly Tchilingirov/Statement

Name: Sandra Bryant
Date(s): April 10, 2008
Time(s): 9:00 a.m.
Location(s): Outside facility
Description of Misconduct:
    Spilled soda on Nina Kutsenko as she tried to enter facility
List of Witnesses/Documentary Evidence:
    Nina Kutsenko/Statement



Name: Stanislaw Skumial
Date(s): February 25, 2008
Time(s): 10:00 a.m.
Location(s): Outside facility
Description of Misconduct:
    Screaming profanity and threat to beat up Jozef Hubacek
List of Witnesses/Documentary Evidence:
    Jozef Hubacek/Statement


Name: Tomasz Skarupski
Date(s): February 19, 2008
Time(s): 11:00 a.m.
Location(s): Parking lot in front of facility
Description of Misconduct:
    Threatened to slash Jozef Hubacek's throat
List of Witnesses/Documentary Evidence:
    Jozef Hubacek/Statement


Name: Jeffry Wojciechowski
Date(s): June 17, 2008
Time(s): 3:00 p.m.
Location(s): Outside facility
Description of Misconduct:
    Threatened to have Jozef Hubacek beaten up
List of Witnesses/Documentary Evidence:
    Jozef Hubacek/Statement


Name: Isaac Norety
Date(s): February 29, 2008
Time(s): 9:30 p.m.
Location(s): Side of building
Description of Misconduct:
    Cursing, shoving and threatening Stephanie Futrell
List of Witnesses/Documentary Evidence:
    Stephanie Futrell/Statement


Name: Person not identified
Date(s): March 16, 2008
Time(s):
Location(s): Outside facility
Description of Misconduct:
    Coffee thrown at, hit, kicked, and pulled hair of Diana Butler
List of Witnesses/Documentary Evidence:
    Diana Butler/Statement

Name: Josef Wyrwal
Date(s): June 2008
Time(s): 11:00 p.m.
Location(s): On sidewalk, Cannon Place
Description of Misconduct:
    Pushed Zulma Ruiz-Reyes against a car, smacked her and threatened to beat her up
List of Witnesses/Documentary Evidence:
    Zulma Ruiz-Reyes/Statement


Name: David Thomas
Date(s): July 3, 2008
Time(s): 11:05 p.m.
Location(s): Near parking lot of facility
Description of Misconduct:
    Threw water at employees leaving work
List of Witnesses/Documentary Evidence:
    Marie Faye/Statement
    Bernard Hammond/Statement
    Neil Gray


Name: Kervin Campbell
Date(s): July 3, 2008
Time(s): 11:05 p.m.
Location(s): Near parking lot of facility
Description of Misconduct:
    Threw chairs and empty bottles at Bernard Hammond and Neil Gray
List of Witnesses/Documentary Evidence:
    Marie Faye/Statement
    Bernard Hammond/Statement
    Neil Gray


Name: Sharon Loechel
Date(s): February to present
Time(s): 3 p.m.
Location(s): Outside facility
Description of Misconduct:
    Cursing at Karen Dewess threatening bodily harm
List of Witnesses/Documentary Evidence:
    Karen Dewees/Statement

Name:  Marsha Dussard
Date(s):  March 26, 2008
Time(s):  5:30 p.m.
Location(s):  Outside facility
Description of Misconduct:
    Brandishing knife
List of Witnesses/Documentary Evidence:
    Angelique Roofe/Statement


Name:  Marsha Dussard
Date(s):  March 26, 2008 (May 2008?)
Time(s):  3:20 p.m.
Location(s):  Outside facility
Description of Misconduct:
    Threw water at Angelique Roofe
List of Witnesses/Documentary Evidence:
    Angelique Roofe/Statement
    Angela McLeod/Statement
    Tina Hill/Statement

Name:  Zina Montgomery
Date(s):  March 16, 2008
Time(s):  2:30 p.m.
Location(s):  Between Giles and Kingsbridge Heights
Description of Misconduct:
    Threw water at and called Diatom Sadio names
List of Witnesses/Documentary Evidence:
    Diatom Sadio/Statement


Name:  Brenda Robinson
Date(s):  April 8, 2008, and continuing when leave work
Time(s):  6:00 p.m.
Location(s):  Grocery store at Broadway and 231st Street, outside facility
Description of Misconduct:
    Screamed and threatened that (Aznieszke Szereszewski) is going to die
List of Witnesses/Documentary Evidence:
    Agnieszke Szereszewski/Statement

Name:  Olivia Owusu
Date(s):  April 8, 2008, and continuing when leaving work
Time(s):  6:00 p.m.
Location(s):  Grocery store at Broadway and 231st Street, outside facility
Description of Misconduct:
    Screamed and threatened that (Aquieszke Szereszewski) is going to die
    Profanities, and insults directed toward her
List of Witnesses/Documentary Evidence:
    Agnieszka Szereszewski/Statement

Name: Olivia Owusu
Date(s): February 20-22, 2008
Time(s): 3:05 p.m.
Location(s): Outside facility
Description of Misconduct:
    Threat of physical harm to Mariah Sangare, and profanities directed to her
List of Witnesses/Documentary Evidence:
    Mariah Sangare/Statement


Name: Jackie Sinnono
Date(s): February 27, 2008, June 18, 2008
Time(s): 10:00 p.m., 3:00 p.m.
Location(s): Street in front of West Building
Description of Misconduct:
    Screaming at and insulting the Szereszewski's, and their daughter
List of Witnesses/Documentary Evidence:
    Agnieszka Szereszewski/Statement
    Antoni Szereszewski/Statement, Viktor Dedi, Ryszarol Szereszewski


Name: Verna Wattley
Date(s): June 10, 2008
Time(s): 7:00 a.m.
Location(s): Facility parking lot
Description of Misconduct:
    Cursing and making derogatory statement to Antoni Szereszewski
List of Witnesses/Documentary Evidence:
    Antoni Szereszewski/Statement


Name: Brenda Robinson
Date(s): February 20-22, 2008
Time(s): 3:05 p.m.
Location(s): Outside facility
Description of Misconduct:
    Following, intimidating Mariah Sangare, profanities directed to her and family
List of Witnesses/Documentary Evidence:
    Mariah Sangare/Statement


Name: Veronica Jackson
Date(s): February 20-22, 2008
Time(s): 3:05 p.m.
Location(s): Outside facility
Description of Misconduct:
    Following, intimidating Mariah Sangare, profanities directed to her and family
List of Witnesses/Documentary Evidence:
    Mariah Sangare/Statement

Name: Lily Miller
Date(s): June 16, 2008
Time(s): 5:30 p.m.
Location(s): Outside facility
Description of Misconduct:
    Blocked car Helen Sieger's car
List of Witnesses/Documentary Evidence:
    Helen Sieger/Affidavit


Name: Isaac Nortey
Date(s): May 23, 2008
Time(s): 9:40 a.m.
Location(s): Outside facility
Description of Misconduct:
    Punched Helen Sieger
List of Witnesses/Documentary Evidence:
    Helen Sieger/Affidavit


Name: Alejandra Hernandez
Date(s): 4/17/08
Time(s): 5:05 p.m.
Location(s): Fort Independence & Giles
Description of Misconduct:
    Physical assault and battery of Nakeysha Middleton, including pulling of hair
List of Witnesses/Documentary Evidence:
    Nina Kutsenko and Nakeysha Middleton
    Affidavit of Nina Kutsenko


Name: Marsha Dussard
Date(s): August 14, 2008
Time(s): 5:30 p.m.
Location(s): Cannon Place
Description of Misconduct:
    Physical assault and battery of Nina Kutsenko
List of Witnesses/Documentary Evidence:
    Nina Kutsenko


Name: Brenda Robinson
Date(s): August 14, 2008
Time(s): 5:30 p.m.
Location(s): Cannon Place
Description of Misconduct:
    Physical assault and battery of Nina Kutsenkso
List of Witnesses/Documentary Evidence:
    Nina Kutsenko

Name:  Olivia Owusu
Date(s): August 14, 2008
Time(s):  5:30 p.m.
Location(s):  Cannon Place
Description of Misconduct:
　　Physical assault and battery of Nina Kutsenkso
List of Witnesses/Documentary Evidence:
　　Nina Kutsenko


Name:  Jefferey Wojciechowski
Date(s): February 22, 2008
Time(s):  3:15 p.m.
Location(s):  Front of building
Description of Misconduct:  Threatened Martin Hubacek
 List of Witnesses/Documentary Evidence:
　　Martin Hubacek/Statement

Name:  Jefferey Wojciechowski
Date(s): March 22, 2008
Time(s):  9:00 p.m.
Location(s):  Broadway & 238th Street
Description of Misconduct:
　　Body slammed and threatened death with knife to Martin Hubacek
 List of Witnesses/Documentary Evidence:
　　Martin Hubacek/Statement


Name:  Jacqueline Simono
Date(s):
Time(s):
Location(s):
Description of Misconduct:

List of Witnesses/Documentary Evidence:


Name:  Paulette Cameron Scott
Date(s):
Time(s):
Location(s):
Description of Misconduct:
List of Witnesses/Documentary Evidence:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CELESTE J. MATTINA, Regional Director, Region 2,
National Labor Relations Board, for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

                                                         Petitioner,      Case No. 08 Civ. 6550 (DLC)

                              -against-                                       ECF Case

KINGSBRIDGE HEIGHTS REHABILITATION AND
CARE CENTER,

                                                       Respondent.
-------------------------------------------------------------------X

STATE OF NEW YORK   )
                                ) ss.:
COUNTY OF NEW YORK )

### AFFIDAVIT OF ISAAC NORTEY

    I, ISAAC NORTEY, being duly sworn state as follows:

1. I am an elected Vice President of 1199SEIU United Healthcare Workers East ("1199" or "Union").

2. I have been an elected Union official since 1992.

3. I am not now, nor have I ever been, an employee of the Respondent in this matter, Kingsbridge Heights Rehabilitation and Care Center.

                                                                            _____
                                                                            ISAAC NORTEY

Dated: August 28, 2008
         New York, New York

Sworn to before me this
28th day of August , 2008

_____
NOTARY PUBLIC

1-454-00009 19751.doc

DANA LOSSIA
Notary Public, State of New York
No. 02LO6161295
Qualified in Kings County
Commission Expires February 20, 2011



GOVERNMENT EXHIBIT B