Lauren Esposito (LE4221)
Jamie Rucker (JR6767)
Nancy Slahetka (NS4140)
National Labor Relations Board
Region 2
26 Federal Plaza, Room 3614
New York, New York 10278-0104
(212) 264-0300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
CELESTE J. MATTINA, Regional Director,
Region 2, National Labor Relations Board,
for and on Behalf of the NATIONAL
LABOR RELATIONS BOARD,

                Petitioner,

  -against-                                      08 Civ. 6550

KINGSBRIDGE HEIGHTS REHABILITATION         J. Cote
AND CARE CENTER

                Respondent.            ECF Case
------------------------------------------X

**PETITIONER'S BRIEF IN SUPPORT OF MOTION FOR DISMISSAL OF OR
SUMMARY JUDGMENT ON CERTAIN ALLEGATIONS OF STRIKER MISCONDUCT**

*SUMMARY*

Petitioner submits this memorandum of law in support of its motion for dismissal of or summary judgment with respect to certain allegations of striker misconduct raised by Respondent ("the Motion").

*PROCEDURAL POSTURE*

On July 23, 2008, the Petitioner filed a Petition for Temporary Injunctive Relief pursuant to Section 10(j) of the National Labor Relations Act, as amended (Act), 29 U.S.C. Section 160(j). By Order dated August 14, 2008---and modified in

relevant respects on August 18 and 20, 2008---this Court granted petitioner's Injunction.  Under the Court's Orders, Respondent was required to reinstate every striker who made an unconditional offer to return to work.  However, the terms of the Court's Orders also permitted Respondent to identify individuals who had allegedly engaged in misconduct sufficient to justify Respondent in discharging or refusing to reinstate those employees.[1]

Respondent was required, under the terms of the Court's Orders, to provide Petitioner and 1199SEIU United Healthcare Workers East ("the Union") with a list of the individuals Respondent alleged engaged in misconduct during the course of the strike, together with the date, time, location, and description of each instance of alleged misconduct, as well as a list of any witnesses and/or documentary evidence Respondent intended to present in support of each misconduct allegation.

On August 15 and 28, 2008, pursuant to Order of the Court, Petitioner submitted brief statements of the principles of law governing an employer's refusal to reinstate an employee the employer contends has engaged in misconduct during the course of a strike.  Although Respondent was given an opportunity to make

---

[1] In the initial order, Respondent was to identify all the individuals it alleged had engaged in misconduct by 10:00 a.m. on Monday, August 18, 2008, and hearings regarding the alleged instances of misconduct were to be held on August 19 and 20, 2008.  Upon agreement of the parties, that portion of the Court's Order was modified to permit Respondent to identify up to six individuals who had allegedly engaged in more serious misconduct by 5:00 p.m. on August 19, 2008, and such individuals were to not return to work pending adjudication of their alleged misconduct on September 3 and 8, 2008.  Respondent failed to timely identify such individuals.  Consequently, by Order of August 20, 2008, the Court ordered all of the unfair labor practice strikers to be

2

its own submissions, it did not do so, effectively conceding the accuracy of Petitioner's statements of law.

On August 22, 2008, at around 4:44 p.m., by electronic mail, Respondent sent counsel for Petitioner the list contemplated by subparagraph (m)(2) of the Court's August 18, 2008 Order. A copy of that list is attached to the Motion as Exhibit A ("Exh. A").

The Court heard testimony and accepted evidence from Respondent in support of the allegations contained in Exh. A on September 3, 2008.

At the conclusion of Respondent's presentation, counsel for Petitioner made oral motions for dismissal of or summary judgment on various of the allegations contained in Exh. A. The Court granted the motions with respect to some of the allegations and reserved judgment on others. The Court granted the parties an opportunity to make submissions regarding the matters on which the Court had reserved judgment.

On September 5, 2008, Petitioner submitted its Motion, requesting summary judgment on certain allegations of strike misconduct raised by Respondent. Petitioner now submits this brief in support of the Motion.

**FACTS**

**A.** Allegation 25

Item 25 in Exh. A alleges that Alejandra Hernandez ("Hernandez") engaged in a physical assault and battery upon

---

reinstated pending the previously scheduled hearings for September 3

Nakeysha Middleton on April 17, 2008. (Exh. A, p. 6.) Nina Kutsenko ("Kutsenko") was the sole witness to provide testimony or evidence regarding this allegation. (See, generally, transcript of September 3, 2008 hearing ("TX").) During her direct examination, Kutsenko initially testified that she was familiar with Hernandez. (TX 31:13-15.)[2] However, Kutsenko almost immediately modified that testimony by admitting that she did not, at the time of the April 17th incident, know the name of the person who Kutsenko says she saw assault a co-worker. (TX 31:16-22 ("We didn't know her name").)

During cross-examination, Kutsenko admitted that she did not know any of the striking employees prior to coming to work at Kingsbridge on February 15, 2008, that the only occasion on which she saw the striking employees was at the picket line, and that the striking employees did not wear anything identifying them by name. (TX 36:12-37:13.)

Kutsenko subsequently testified briefly as to how she connected the name "Alejandra Hernandez" with the April 17th incident. According to that testimony, Kutsenko based her identification of Alejandra Hernandez on video she saw on a web site, which video Kutsenko then showed other people. (TX 75:25-76:12.) Those other people identified someone in the video (which Kutsenko showed to them) as Hernandez.

Those other people did not testify.

---

and 8, 2008.

.

4

**B.** Allegations 26 and 28

Items 26 and 28 of Exh. A allege that Marsha Dussard ("Dussard") and Olivia Owusu ("Owusu"), respectively, engaged in assaults upon Kutsenko on August 14, 2008 at Respondent's facility. (Exh. A, pp. 6-7.) Though Kutsenko provided the only witness testimony regarding this incident, (see, generally TX), Respondent also introduced video of a part of the incident as Respondent Exhibit A ("the Video"). (TX 17:7-24.) Kutsenko testified on direct examination that Dussard and Owusu engaged in specific conduct supposedly illustrated in the Video. (TX 8:24-27:6.)

As noted above, Kutsenko admitted that she did not know the individual striking employees by name before coming to work, did not see the striking employees outside of the picket line, and that the employees did not wear identifying name tags on the picket line. (TX 36:12-37:13.) On cross-examination, Kutsenko also testified that her identification of Owusu and Dussard as people who allegedly took part in the August 14, 2008 assault was based on identifications made by the Director of Nursing and other people. (TX 37:14-22 and 38:10.)

Again, the people who made the alleged identifications of Dussard and Owusu did not testify.

---

[2] Citations to the transcript of the September 3, 2008 hearing before the Court are given as TX XX:YY, where XX and YY represent page and line numbers, respectively.

C. Allegation 27

Item 27 of Exh. A alleges that Brenda Robinson ("Robinson") engaged in a physical assault and battery of Kutsenko on August 14, 2008. As noted above, Kutsenko provided Respondent's only witness testimony regarding the August 14 incident. However, Kutsenko was unable to testify with any certainty that Robinson even touched her. (TX 14:6-15:2.) Further, Kutsenko did not identify any portion of the Video as illustrating any conflict between Kutsenko and Robinson. (TX 8:24-27:6.)

**ARGUMENT**

The foregoing facts establish that Kutsenko's identification of Alejandra Hernandez, Olivia Owusu, and Marsha Dussard is based on inadmissible hearsay. Other people---some identified, others not---identified certain video images as being representations of Hernandez, Owusu, and Dussard. Those identification statements were made out of court. Further, Respondent relies upon the truth of those statements as the means for establishing the identities of the individuals who allegedly engaged in certain acts. Accordingly, those identifications are hearsay and generally inadmissible. (Fed. R. Evid. 801 and 802.) Respondent has not provided any other means for the Court to conclude that the named individuals engaged in these various incidents. Respondent has also not identified any exception to the general inadmissibility of hearsay which should apply in this case. Consequently, Respondent has failed to shoulder its burden

of proof that Hernandez, Owusu, and Dussard engaged in the conduct alleged in items 25, 26, and 28.

In addition, Kutsenko's testimony regarding whether Robinson ever hit her, as alleged in item 27, is wholly inconclusive. Such uncertain testimony should not form the basis for denial of reinstatement. In fact, read in the light most favorable to Respondent, Kutsenko's ambiguous testimony could establish only that Robinson touched her, without further elaboration. Because Robinson's merely touching Kutsenko is not conduct that would tend to coerce or restrain Kutsenko (or others) in the exercise of her rights under Section 7 of the National Labor Relations Act ("Act"), Kutsenko's testimony fails to establish misconduct. *Preterm, Inc.*, 273 NLRB 683, 707 (1984) (evidence that two strikers had their hands on arm of non-striker did not establish misconduct).

Finally, even if Kutsenko's testimony against Owusu, Dussard, and Robinson is credited, their alleged conduct was no more serious than Kutsenko's admitted activity of throwing eggs at picketing employees. Because Kutsenko remains employed, (TX 7:24-8:5), a discharge of Robinson, Dussard, and Owusu for the conduct of which they are accused would constitute disparate treatment and a violation of Section 8(a)(3) and (1) of the Act. *Domsey Trading Corp.*, 310 NLRB 777 (1993) (*quoting Aztec Bus Lines*, 289 NLRB 1021, 1027 (1988)), *enfd.* 16 F.3d 517 (2d Cir. 1994).

7

*CONCLUSION*

Based on the foregoing, Petitioner respectfully requests that the Court dismiss allegations 25 through 28.

Dated:   New York, New York
         September 5, 2008

                                    _____
                                    Lauren Esposito (LE4221)
                                    Jamie Rucker (JR6767)
                                    Nancy Slahetka (NS4140)
                                    Co-Counsel for Petitioner
                                    NLRB, Region 2
                                    26 Federal Plaza, Room 3614
                                    New York, New York 10278-0104
                                    (212) 264-0300

Karen P. Fernbach, Regional Attorney, Region 2
Donald B. Zavelo, Deputy Regional Attorney, Region 2